UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN, | No. 2:23-cv-2448 DJC DB P |
| Plaintiff, | |
| v. | ORDER |
| BARACK OBAMA, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 7, 10) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant plaintiff's motion to proceed in forma pauperis and that the complaint be dismissed with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

7    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9    Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

10   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

11   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

12   omits to perform an act which he is legally required to do that causes the deprivation of which

13   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

15   their employees under a theory of respondeat superior and, therefore, when a named defendant

16   holds a supervisorial position, the causal link between him and the claimed constitutional

17   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

18   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

19   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

20   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21      **II.**    **Allegations in the Complaint**

22         Plaintiff claims the events giving rise to his claims occurred while he was incarcerated at

23   the Mule Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  He names as defendants Barack

24   Obama, USAF, John Doe (Kansas), and John Doe (Oklahoma).  (Id.)  Plaintiff characterizes his

25   claims as the following violations, Eighth Amendment violations, Due Process violations, loss of

26   Equity of Live[sic], Jus Ad Rem/Inchoate Crimes, Tolling Isaiah 59:5, and "to live honorably, to

27   hurt nobody [and] render everyone, his duz".  (Id. at 2-5.)  Plaintiff's first count asserts that

28   defendant Obama and his estate "hatch eggs & weave the spiders web, fluid from which is

1  crushed a vapor beacons out." (Id. at 3.)  To support his second count Plaintiff asserts that there

2  is no legitimate penological interest and the actions of imprisoning him put him in jeopardy.  (Id.

3  at 4.)  Then, to support his third count plaintiff discusses his repeated petitions have only been

4  answered by repeated injury.  (Id. at 5.)  Plaintiff requests compensatory and punitive damages.

5  (Id at 7.)

**III.  Does Plaintiff State a Claim under § 1983?**

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Neitzke, 490 U.S. at 328.  Allegations that are fanciful, fantastic, or delusional give rise to claims that are factually frivolous.  Denton, 504 U.S. at 32-33 (citing Neitzke, 490 U.S. at 325, 327-28).  The district court is therefore authorized to make a finding of factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible."  Denton, 504 U.S. at 33.

In the present case, plaintiff's allegations are largely incoherent and read as a list of conclusory terms and winding phrases strung together. For example, Count I, which is representative of the remaining counts alleged in this action, read as follows:

> On Defendant #1, Barack Obama Autre Vie, His Estate. See Isaiah 59:5, They Hatch Eggs & Weave The Spiders Web, Fluid From That Which is Crushed A Vabor Beacons Out. On Defendant #2, USAF X 2 John Doe's. Autrie Vie on 370 Spanish Spur FaceBrook CA 92028. Coercion, Disparate Impact, Civil Conspiracy. There is a Teen for Endangering A Plaintiff's Family of Depriving Them of Their Rights Through The Liability of The Plaintiff's Civil Rights Violation. In This Case Implied Malice Had Vicarious Liability. This Address is my Mothers Estate. Due Process Violations Prior To Incarceration, Then 8th Amendment While incarcerated, SIC. No legitimate Penological Goal in Mind. Considence Game, Sic. Civil Rico, Sic. USAF Imoral Contact – Vexation By Spirit. Implied Malice. Note: Equitable Tolling, Dispensation, At The Turn of this mellenium, Century, And Decade. Revolutionary for Crossing the Bridge From one Generation To The Next. Consider Juncta Juant

4

> Nullum Simile Est Idemnisi Quator Pedibus Cullit. " No Like is Identical Unless it Runs on All Fours. Consider Equitable Tolling & Four Cormers Dispensation. Revolutionary, Revival & Refresh off Going Crops, Next Friend. Bascillia/ Abridgment Conilliation. Time Apportioned Also Election Coutest in The Light of Van Huisen Vs House of Representatives 2:23001869 [illegible] Case of Ist Impression. U.S. Court, Eastern District, Indispensable Party.

(Id. at 3.)  The complaint is largely incomprehensible, lacks substance and fails to specify how a particular defendant was involved in the violation of plaintiff's federal, statutory, or constitutional rights.  As currently written, the complaint presents no cognizable federal claim.

A complaint that is frivolous, malicious, or fails to state a claim cannot survive screening under section 1915A(b) and must be dismissed. A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").  Plaintiff's allegations are indecipherable and, as currently written, frivolous.

In an abundance of caution, plaintiff will be given the opportunity to amend his complaint to cure the deficiencies.

## IV.     Amending the Complaint

As set forth above, the first amended complaint fails to state a potentially cognizable claim.  However, plaintiff will be given the option to file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought

in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

V. **Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's additional motions for leave to proceed in forma pauperis (ECF Nos. 7 and 10) are denied as moot;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; and

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 22, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:16
DLB:1/Orders/Prisoner/Civil.Rights/vanh.2448.scrn